**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOISES R. MORY LAMAS, : | |
| : | Civil Action No. 07-3351 (DMC) |
| Petitioner, : | |
| v. : | **O P I N I O N** |
| ALBERTO R. GONZALES, et al., : | |
| Respondents. : | |

**APPEARANCES:**

    MOISES R. MORY LAMAS, Petitioner Pro Se
    # 185790
    Hudson County Correctional Center
    35 Hackensack Avenue, 500 North
    Kearny, New Jersey 07032

**CAVANAUGH, District Judge**

    Petitioner, Moises R. Mory Lamas, is an alien currently awaiting removal and detained in a correctional facility in the State of New Jersey, namely, the Hudson County Correctional Center ("HCCC") in Kearny, New Jersey. Petitioner has submitted a petition for a writ of mandamus under the All Writs Act, and for a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner has not paid the relevant filing fee,[1] but he has submitted an application to proceed as an indigent, which is deficient because it fails to include a certification signed by an authorized

---

[1] The filing fee for a habeas petition is $5.00. The filing fee for a writ of mandamus, which is the same as the filing fee for a civil complaint, is $350.00.

officer of the HCCC, certifying the amount presently on deposit in Petitioner's institutional account, as required by Local Civil Rule 81.2(b) for habeas actions.  To the extent that Petitioner's claims are construed as a civil complaint rather than a § 2241 habeas petition, which this Court finds to be the proper characterization of the pleading, Petitioner's application to proceed in forma pauperis sufficiently avers to his indigency and qualifies Petitioner for indigent status.[2]

Petitioner also recently filed a motion for emergent relief seeking to have this Court issue a stay of his removal from the United States.  For the reasons stated below, this Court will deny Petitioner's motion.

### BACKGROUND

Petitioner states that he is a native and citizen of Peru. He came to the United States on May 4, 1981, and has resided in this country for more than twenty-six years.  It would appear from the allegations in the petition that Petitioner is subject to deportation and has been detained pending his removal since May 7, 2004.  Petitioner states that he has requested copies of his immigration records pertaining to his removal proceedings, specifically the transcripts of his immigration hearings, but the

---

[2] This Court notes that Petitioner has filed a similar action within this District Court, seeking the same relief, and providing additional documents attached to that petition related to his requests for information under the Freedom of Information Act.  This second action is filed under Lamas v. Gonzales, et al., Civil No. 07-4184 (JAG).

2

U.S. Department of Justice, Executive Office for Immigration Review, Office of the General Counsel (hereinafter, "EOIR") are unable to issue said transcripts.  Letters from the government agency regarding Petitioner's FOIA[3] request for this information are attached to the petition, dated March 13, 2007, April 5, 2007, May 10, 2007, and June 29, 2007.  The EOIR specifically had responded to Petitioner, stating that "after a considerable search no tapes for the custody hearing were located regarding this matter."  See April 5, 2007 letter.  Petitioner administratively appealed this response.  On June 29, 2007, the U.S. Department of Justice, Office of Information and Policy affirmed the EOIR's action on the basis that the EOIR could not locate records responsive to Petitioner's request.

Petitioner now brings this action to compel the Government to immediately issue the records requested and to enjoin the EOIR from further unlawful denial of copies of Petitioner's records. He asserts his FOIA claim under 28 U.S.C. § 2241 and the All Writs Act, 28 U.S.C. § 1651.

## DISCUSSION

A.  Standard of Review

A writ of habeas corpus shall not extend to a prisoner unless she is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

---

[3] Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, *et seq.*

3

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

B.  Claim for Habeas Relief

The petition seeks only the provision of transcripts and his immigration records.  No other relief is requested.  However, Petitioner recently filed an emergent application to stay his removal from the United States while this action is pending

4

review.  He relates that he has appealed the immigration decision to remove him form the United States, and that his writ of certiorari before the Supreme Court of the United States was docketed in January 2007 as No. 06-8600.

    Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.  ...
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

    Here, Petitioner is not challenging his detention pending removal as unconstitutional or in violation of any federal law. He is merely seeking to enforce his FOIA requests.  Therefore, there is no jurisdiction under 28 U.S.C. § 2241 to review this claim.

    Additionally, this Court has no jurisdiction to review Petitioner's motion for a stay of removal, which is clearly unrelated to his FOIA requests.  Under the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (May 11, 2005), Congress has expressly provided that a petition for review of the immigration orders challenged by Petitioner, which affect his removal from the United States, may only be filed with the appropriate Court of Appeals.  See 8 U.S.C. § 1252(b)(2).

    Therefore, any challenge that Petitioner may be attempting to make in this action before this Court with regard to his

removal proceedings, or the review thereof, including the request for a stay of removal, must be filed with the appropriate United States Court of Appeals.  This Court lacks jurisdiction over Petitioner's claim for a stay of removal, and the emergent motion seeking such relief should be denied accordingly, without prejudice to Petitioner raising such motion in the proceedings before the United States Supreme Court, where review of the removal proceedings was sought by a petition for a writ of certiorari, Docket No. 06-8600, if still pending.

C.  Claim for Mandamus Relief

Petitioner also seeks relief under the All Writs Act or by petition for a writ of mandamus, pursuant to 28 U.S.C. § 1651, to have his FOIA requests honored.

The Mandamus Act vests the district court with original jurisdiction over any action in the nature of mandamus to compel an officer or agency of the United States to perform a duty owed to a plaintiff.  See 28 U.S.C. § 1361.  It is well-established that a writ of mandamus is an extraordinary remedy, to be granted only in extraordinary cases.  See Heckler v. Ringer, 466 U.S. 602, 616 (1984); United States v. Olds, 426 F.2d 562, 565 (3d Cir. 1970).  Mandamus relief is appropriate "only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt."  Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992).

The Supreme Court has set forth conditions to be established before mandamus relief is granted:  (1) that plaintiff has a clear right to have his application adjudicated; (2) that defendants owe a nondiscretionary duty to rule on the application; and (3) that plaintiff has no other adequate remedy. See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Kerr v. United States District Court, 426 U.S. 394, 403 (1976)(party seeking issuance of the writ must "have no other adequate means to attain the relief he desires" and must show that his "right to issuance of the writ is clear and indisputable"); United States v. Ferri, 686 F.2d 147, 152 (3d Cir. 1982), cert. denied, Matthews v. U.S., 459 U.S. 1211 (1983). Even where this burden is met, the court has discretion to deny the writ, "even when technical grounds for mandamus are satisfied." Coombs v. Staff Attorneys, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)(citation omitted).

Here, the Court finds that Petitioner has not shown that his right to the writ is clear and undisputable. While technically the provision of records requested by Petitioner under FOIA may seem a simple, ministerial task, it is plain from review of the petition that the government agency at issue has conducted a search for the requested records and has been unable to locate the transcripts. Moreover, the records sought by Petitioner are related to his removal proceedings currently under review before

7

the United States Supreme Court, and would likely be obtainable in that matter if actually available and in existence.

Consequently, this Court finds that Petitioner has other means available to him to obtain a copy of the transcripts to his immigration proceedings, and that there are no extraordinary factors demonstrated to warrant resort to a petition for a writ of mandamus.  Therefore, this claim for mandamus relief will be denied for lack of merit.

D.   Recharacterization of Petition

Finally, even if jurisdiction under § 2241 is lacking, or Petitioner fails to state a cognizable claim for relief under either 28 U.S.C. § 2241 or 28 U.S.C. § 1651, this Court will construe this pro se petition liberally, and recharacterize this action as a complaint for declaratory judgment under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, et seq.,[4] in combination with the federal question statute, 28 U.S.C. § 1331.

Petitioner argues that he is entitled to his immigration information pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq.  FOIA generally provides a judicially-

---

[4] The APA provides that "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of the relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  This includes judicial review to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  See also Brock v. Pierce County, 476 U.S. 253, 260 n. 7 (1986)(noting that the APA permits the district court to compel agency action).

8

enforceable right to obtain access to federal agency records, except to the extent that such records, or portions thereof, fall within one of nine exceptions.  See 5 U.S.C. § 552(a)(3); Lame v. U.S. Dept. Of Justice, 767 F.2d 66, 68 n.1 (3d Cir. 1985).  "[FOIA's] 'central purpose' is to ensure that Government activities are 'opened to the sharp eye of public scrutiny.'" United States ex rel. Mistick PBT v. Housing Auth. of City of Pittsburgh, 186 F.3d 376, 383 (3d Cir. 1999)(quoting United States Dept. Of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 774 (1989)).

Judicial review of an agency's denial of a FOIA request is *de novo*.  5 U.S.C. § 552(a)(4)(B).  Any reasonably segregable and non-exempt portion of a record must be disclosed.  5 U.S.C. § 552(b).  The nine statutory disclosure exemptions are to be narrowly construed, and the burden is on the agency to sustain its action.  See 5 U.S.C. § 552(a)(4)(B); Sheet Metal Workers Int'l Assoc. V. United States Dept. Of Veterans Affairs, 135 F.3d 891, 897 (3d Cir. 1998).  Here, the only basis for non-disclosure of records or information sought by Petitioner is the EOIR's statement that such records could not be located.  Given that Petitioner has sought review of his removal order in another forum, and that matter still may be pending before the Supreme Court, it would strain credulity to think such pertinent records are not available.

9

In a FOIA action, summary judgment is proper only when the Government provides an affidavit that "describe[s] the withheld information and the justification for withholding with reasonable specificity, demonstrating a logical connection between the information and the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." <u>American Friends Serv. Comm. v. Dept. of Defense</u>, 831 F.2d 441, 444 (3d Cir. 1987)(quoting and adopting standard from <u>Abbotts v. Nuclear Regulatory Comm'n</u>, 766 F.2d 604, 606 (D.C. Cir. 1985))(citations omitted).  Affidavits are the means through which a governmental agency details the search it conducted for the documents requested and justifies nondisclosure of the requested documents under each exemption upon which it relied.  <u>Lame</u>, 654 F.2d at 921.  The affidavits must be detailed, nonconclusory, and submitted in good faith.  <u>Weisberg v. United States Dept. Of Justice</u>, 705 F.2d 1344, 1351 (D.C. Cir. 1983).  "'Without evidence of bad faith, the veracity of the government's submissions regarding reasons for withholding documents should not be questioned.'" <u>Manna v. United States Dept. Of Justice</u>, 815 F. Supp. 798, 817 (D.N.J. 1993)(quoting <u>Matter of Wade</u>, 969 F.2d 241, 246 (7th Cir. 1992)).

Here, the EOIR's denial of Petitioner's request for documents was conclusory and failed to detail the efforts made in searching for the records requested.  Accordingly, this Court will allow this claim to proceed at this point.

**CONCLUSION**

For the reasons set forth above, Petitioner's habeas claim under 28 U.S.C. § 2241 is dismissed for lack of jurisdiction. Further, Petitioner's petition for a writ of mandamus is dismissed for lack of merit.  However, Petitioner's FOIA claim will be recharacterized as a civil complaint under the APA, and such claim will be allowed to proceed at this time.  Finally, Petitioner's motion for a stay of his removal from the United States is DENIED without prejudice to Petitioner raising such motion in his appeal from his final order of removal, if appeal is still pending before the United States Supreme Court, No. 06-8600.  An appropriate order follows.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

Dated: September 20, 2007