NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOISES R. MORY LAMAS, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION**  07-3351 |
| v. | Civil Action No. 06-CV-4184 (DMC) |
| ALBERTO R. GONZALES, et al., | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon application by *pro se* Plaintiff Moises R. Mory Lamas for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Plaintiff's application for *pro bono* counsel is **granted**.

I. **BACKGROUND**

Plaintiff is a native of Peru and has been in Immigration and Customs Enforcement & Immigration and Naturalization Services custody since May 7, 2004. Plaintiff's case was heard on September 27, 2000, before Immigration Judge Alberto J. Riefkohl. After several attempts to obtain the transcripts from the September 27, 2000 hearing, he has requested that this Court order the U.S. Department of Justice, Executive Office for Immigration Review, Office of the General Counsel to issue said transcripts.

## II. Discussion

In Tabron v. Grace, the Third Circuit Court of Appeals provided the district courts with specific guidelines for determining whether it is warranted to appoint *pro bono* counsel for an indigent applicant. See 6 F.3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. See id. Only after a determination that an applicant's claim has merit in fact and law will a court move on to consider and evaluate the variety of factors outlined in Tabron to decide whether appointment of *pro bono* counsel is warranted. See id. at 155.

In determining whether appointment of *pro bono* counsel is appropriate, the Court must consider several factors, including whether

(1) the claim has some merit;
(2) the *pro se* party lacks the ability to present an effective case without an attorney;
(3) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
(4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
(5) the case is likely to turn on credibility determinations;
(6) the case will require expert testimony; and
(7) the party is unable to attain and afford counsel on his/her own behalf.

See Parham v. Johnson, 126 F.3d 454 (3d Cir. 1997); Tabron, 6 F.3d 147.

After a plaintiff makes a sufficient showing of merit, a court will consider the plaintiff's ability to present his or her case. See id. at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Courts should "also consider the difficulty of particular legal issues" and "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." Id.

III. ANALYSIS

As a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation of the application for appointment of *pro bono* counsel. See Tabron, 6 F.3d 147. In analyzing the merits of Plaintiff's Complaint, this Court is cognizant that a *pro se* complaint is held to a less stringent standard than formal pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, this Court recognizes that civil rights allegations, however inartfully pleaded, are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

Here, Plaintiff alleges that Defendant has failed to produce transcripts of his Immigration Master Hearing before Judge Riefkohl pursuant to the Freedom of Information Act / Privacy Act. Plaintiff is appealing his immigration case and the transcripts are necessary in order to proceed. Viewing the allegations of this *pro se* Complaint liberally, it does not appear that Plaintiff cannot prove any set of facts sufficient to maintain his claim. Furthermore, because of the complex nature of immigration cases generally, it would be very difficult for a *pro se* party to adequately represent himself without an attorney. Also, factual investigation will be necessary and Plaintiff is not adequately able to pursue this investigation. Finally, because of Plaintiff's indigence, he would be unable to afford counsel on his own behalf.

Based on a review of Plaintiff's Complaint and application for *pro bono* counsel, this Court finds that appointment of *pro bono* counsel is appropriate. Plaintiff, an indigent, evidences an inability to litigate this case without assistance. In particular, Plaintiff's Complaint is difficult to follow due to an apparent lack of education. Further, as an indigent with no legal training, Plaintiff lacks the familiarity with the rules of evidence and discovery necessary to properly litigate this case.

Moreover, this case will likely be very complex and it would be very difficult for a *pro se* party to adequately represent himself without an attorney — all factors favoring appointment of *pro bono* counsel. See Parham, 126 F.3d 454; Tabron, 6 F.3d 147.

## IV. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's application for appointment of *pro bono* counsel is **granted**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:     November  16  , 2007
Orig.:    Clerk
cc:       All Counsel of Record
          Hon. Mark Falk, U.S.M.J.
          File

4